UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DANIEL LEWIS LEE,                          )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )         No. 2:20-cv-00357-JRS-DLP
                                           )
WILLIAM P. BARR,                           )
T.J. WATSON,                               )
MICHAEL CARVAJAL,                          )
                                           )
                    Defendants.            )

**Order Denying Plaintiff's Motion for Preliminary Injunction**

Federal death row inmate Daniel Lee Lewis is scheduled to be executed on July 13, 2020, at United States Penitentiary − Terre Haute (USP − Terre Haute) in Terre Haute, Indiana. Mr. Lee seeks to enjoin his execution on the basis that defendants have violated the Administrative Procedure Act (APA) by scheduling Mr. Lee's execution during the COVID-19 pandemic thereby depriving Mr. Lee of the counsel to which he is entitled by law. Mr. Lee asks the Court to prohibit the defendants from carrying out Mr. Lee's execution "until such time as treatment or a vaccine for COVID-19 is available or the current surge in the virus has receded or the threat posed by travel to and entry into USP Terre Haute during the ongoing COVID-19 pandemic has otherwise abated." Dkt. 6 at 1.

## I.    Factual and Procedural Background

In 1999, a jury in the United States District Court for the Eastern District of Arkansas convicted Mr. Lee of conspiring to violate and violating the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. § § 1962(c) and (d), and of three murders. *United States*

1

*v. Lee*, 374 F.3d 637, 641 (7th Cir. 2004). Mr. Lee was sentenced to death. *Id.* at 643. Mr. Lee has exhausted his post-conviction remedies.

On July 25, 2019, at the direction of defendant Attorney General William Barr, the Department of Justice set execution dates for five federal inmates, including Mr. Lee. Those executions were stayed in November 2019 by a preliminary injunction in the United States District Court for the District of Columbia. *In re Matter of Federal Bureau of Prisons' Execution Protocol Cases*, 2019 WL 6691814, at *8 (D.D.C. Nov. 20, 2019). On April 7, 2020, the District of Columbia Circuit Court of Appeals vacated the preliminary injunction. *In re Matter of Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 113 (D.C. Cir. 2020), *reh'g denied*, 955 F.3d 106 (May 15, 2020), *cert. denied*, *Bourgeois v. Barr*, 2020 WL 3492763 (Mem. Op.) (June 29, 2020). On June 15, 2020, the Department of Justice reset Mr. Lee's execution date for July 13, 2020. *See* Press Release, Dep't of Justice, "Executions Scheduled for Four Federal Inmates Convicted of Murdering Children" (June 15, 2020), https://www.justice.gov/opa/pr/executions-scheduledfour-federal-inmates-convicted-murdering-children.

On June 19, 2020, Mr. Lee and three other condemned inmates filed a motion for preliminary injunction in the United States District Court for the District of Columbia arguing, among other things, that the Bureau of Prisons' execution protocol denied him the right to counsel in light of the COVID-19 pandemic. *In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145 (D.D.C.), dkt. 102 ("*Protocol Cases*"). On July 12, 2020—little more than 24 hours before his scheduled execution—Mr. Lee filed a complaint and motion for preliminary injunction in this Court again arguing that the planned execution violates his right to counsel, but this time couching the claim under the Administrative Procedures Act (APA). Dkts. 1, 6.

On July 13, 2020, the United States District Court for the District of Columbia granted a preliminary injunction staying Mr. Lee's scheduled execution, along with three others, on an Eighth Amendment claim unrelated to Mr. Lee's arguments regarding deprivation of counsel. *Protocol Cases*, No. 1:19-mc-145-TSC, dkt. 136.

## II.     Preliminary Injunction Standard

In deciding whether to stay an execution, the Court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

"The grant of a stay entails equitable as well as legal considerations." *Lee v. Watson*, 2019 WL 6718924, at *2 (7th Cir. Dec. 6, 2019). So before entering a stay, the Court must also consider "the extent to which the inmate has delayed unnecessarily in bringing the claim." *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004).

## III.     Discussion

Given the unusual circumstances of this case, the Court begins with a discussion of the equities. Mr. Lee brought this action only one day before his scheduled execution. He cannot attribute the delay to anything other than a deliberate choice, as he raised a nearly identical argument in a motion for preliminary injunction in the *Protocol Cases* more than three weeks before filing this action. As the Seventh Circuit recently explained in Mr. Lee's very own case, an inmate who intentionally holds back a claim until the eleventh hour "cannot, by the very act of delay, justify postponement of the execution." *Lee*, 2019 WL 6718924, at *2. Moreover, by raising the same claim here he raised in the *Protocol Cases*, Mr. Lee appears to be engaged in forum

shopping, not to mention seeking two-bites at the apple, which would not be allowed if filed in the same court, and which could result in conflicting results. The defendants raised both Mr. Lee's untimeliness and apparent forum shopping in their response to the motion for preliminary injunction, dkt. 14 at 9, 11, but Mr. Lee addresses neither argument in his reply, *see generally* dkt. 15. Based on the equities alone, Mr. Lee is not entitled to a preliminary injunction.

But there is more. Mr. Lee also has failed to show a strong likelihood of success on the merits. The Seventh Circuit held just yesterday that, aside from specific regulations upon which Mr. Lee does not rely, the BOP has "unconstrained discretion" to set an execution date. *Peterson v. Barr*, No. 20-2252, at *6 (7th Cir. July 12, 2020). Mr. Lee's only legal claim is that the defendants violated the APA in choosing his execution date. Dkt. 1 at ¶ 115 ("The agency action here—the setting of Mr. Lee's execution date for July 13, 2020,—is (1) arbitrary and capricious; (2) an abuse of discretion and (3) not in accordance with law."). That claim is foreclosed by *Peterson*. Moreover, it cannot be the case that an attorney's refusal to attend an execution requires delay, or else no executions would ever take place.

Finally, the injunction Mr. Lee seeks would effectively be an advisory opinion, as there is no evidence that counsel plan to fail to meet their professional, moral, and ethical duty to represent their client throughout the execution process. Counsel have filed no declaration or affidavit stating that Mr. Lee will not have counsel present at the execution.

### IV.    Conclusion

Mr. Lee's motion for preliminary injunction, dkt. [6], is **denied**.

**IT IS SO ORDERED.**

Date:    7/13/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

Amy Gershenfeld Donnella
Federal Defender of Maryland
Amy_Donnella@fd.org

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov