

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

Birch Bayh Federal Building
& U.S. Courthouse, Room 105
46 East Ohio Street
Indianapolis, IN  46204
(317) 229-3700

U.S. Courthouse, Room 104
921 Ohio Street
Terre Haute, IN 47807
(812) 231-1840

Winfield K. Denton Federal Building
& U. S. Courthouse, Room 304
101 NW Martin Luther King Blvd.
Evansville, IN 47708
(812) 434-6410

Lee H. Hamilton Federal Building
& U.S. Courthouse, Room 210
121 West Spring Street
New Albany, IN 47150
(812) 542-4510

July 13, 2020

Amy Gershenfeld Donnella
Federal Defender of Maryland
6411 Ivy Lane
Suite 710
Greenbelt, MD 20770-4510

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
(Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204

RE:  DANIEL LEWIS LEE v. WILLIAM P. BARR

CAUSE NO:  2:20-cv-00357-JRS-DLP

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 2:20-cv-00357-JRS-DLP has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Rebekah Farrington, Deputy Clerk
812-231-1841

## <u>Selected Rules for Reference</u>

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

### Roger A. G. Sharpe, Clerk of Court

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building | U.S. Courthouse, Room 104 | Winfield K. Denton Federal Building | Lee H. Hamilton Federal Building |
| & U.S. Courthouse, Room 105 | 921 Ohio Street | & U. S. Courthouse, Room 304 | & U.S. Courthouse, Room 210 |
| 46 East Ohio Street | Terre Haute, IN 47807 | 101 NW Martin Luther King Blvd. | 121 West Spring Street |
| Indianapolis, IN  46204 | (812) 231-1840 | Evansville, IN 47708 | New Albany, IN 47150 |
| (317) 229-3700 | | (812) 434-6410 | (812) 542-4510 |

July 13, 2020

RE:  DANIEL LEWIS LEE v. WILLIAM P. BARR

CAUSE NO:  2:20-cv-00357-JRS-DLP

Dear Appellant:

A Notice of Appeal was filed in the above case on July 13, 2020. However, a "Docketing Statement" was <u>not</u> <u>filed</u> along with the Notice of Appeal, as required by Circuit Rule 3(c) of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

<u>IMPORTANT</u>: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

> Christopher Conway, Clerk
> United States Court of Appeals
> 219 South Dearborn Street, Suite 2722
> Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

> Sincerely,
> Roger A. G. Sharpe,
> Clerk of Court
>
> By Rebekah Farrington, Deputy Clerk
> 812-231-1841

## Selected Rules for Reference

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

   (a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

   (b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

   (c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

   (2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

   (d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.


   NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals
   are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

## THE SETTLEMENT CONFERENCE PROGRAM
## U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.      The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail: settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**
  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**
  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**
  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**
  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**
  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**
  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**
  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**
  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**
  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**
  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**
  Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney**?
  Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**
  Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

****THIS IS A CAPITAL CASE****
EXECUTION SCHEDULED FOR JULY 13, 2020, 4 P.M. Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL LEWIS LEE,<br><br>                    Plaintiff,<br><br>          v.<br><br>WILLIAM P. BARR, in his official capacity as Attorney General of the United States; MICHAEL CARVAJAL, in his official capacity as Director of the Federal Bureau of Prisons; and T.J. WATSON, in his official capacity as Complex Warden for Terre Haute Federal Correction Complex,<br><br>                    Defendants. | Case No. 2:20-cv-00357-JRS-DLP |

## NOTICE OF APPEAL

Notice is hereby given that this 13th day of July, 2020, Daniel Lewis Lee, Plaintiff in this action, is appealing to the United States Court of Appeals for the Seventh Circuit from the Order of this Court entered on July 13, 2020, *see* ECF Doc. No. 16, in which this Court denied Mr. Lee's Motion for Preliminary Injunction.  *See* ECF Doc. No. 6.

Respectfully submitted,

/s/Amy Gershenfeld Donnella
Amy Gershenfeld Donnella
Assistant Federal Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD  20770
(301) 641-6103
(301) 344-0019 (fax)
Amy_Donnella@fd.org

/s/ John P. Nidiry
John P. Nidiry
Staff Attorney
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD  20770
(301) 807-1267
(301) 344-0019 (fax)
John_Nidiry@fd.org

/s/ Elizabeth Brown Luck
Elizabeth Brown Luck
Staff Attorney
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD  20770
(301) 456-3072
(301) 344-0019 (fax)
Elizabeth_Luck@fd.org

Dated:  July 13, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DANIEL LEWIS LEE,                          )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )        No. 2:20-cv-00357-JRS-DLP
                                           )
WILLIAM P. BARR,                           )
T.J. WATSON,                               )
MICHAEL CARVAJAL,                          )
                                           )
                    Defendants.            )

**Order Denying Plaintiff's Motion for Preliminary Injunction**

Federal death row inmate Daniel Lee Lewis is scheduled to be executed on July 13, 2020, at United States Penitentiary − Terre Haute (USP − Terre Haute) in Terre Haute, Indiana. Mr. Lee seeks to enjoin his execution on the basis that defendants have violated the Administrative Procedure Act (APA) by scheduling Mr. Lee's execution during the COVID-19 pandemic thereby depriving Mr. Lee of the counsel to which he is entitled by law. Mr. Lee asks the Court to prohibit the defendants from carrying out Mr. Lee's execution "until such time as treatment or a vaccine for COVID-19 is available or the current surge in the virus has receded or the threat posed by travel to and entry into USP Terre Haute during the ongoing COVID-19 pandemic has otherwise abated." Dkt. 6 at 1.

## I.        Factual and Procedural Background

In 1999, a jury in the United States District Court for the Eastern District of Arkansas convicted Mr. Lee of conspiring to violate and violating the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. § § 1962(c) and (d), and of three murders. *United States*

1

*v. Lee*, 374 F.3d 637, 641 (7th Cir. 2004). Mr. Lee was sentenced to death. *Id.* at 643. Mr. Lee has exhausted his post-conviction remedies.

On July 25, 2019, at the direction of defendant Attorney General William Barr, the Department of Justice set execution dates for five federal inmates, including Mr. Lee. Those executions were stayed in November 2019 by a preliminary injunction in the United States District Court for the District of Columbia. *In re Matter of Federal Bureau of Prisons' Execution Protocol Cases*, 2019 WL 6691814, at *8 (D.D.C. Nov. 20, 2019). On April 7, 2020, the District of Columbia Circuit Court of Appeals vacated the preliminary injunction. *In re Matter of Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 113 (D.C. Cir. 2020), *reh'g denied*, 955 F.3d 106 (May 15, 2020), *cert. denied*, *Bourgeois v. Barr*, 2020 WL 3492763 (Mem. Op.) (June 29, 2020). On June 15, 2020, the Department of Justice reset Mr. Lee's execution date for July 13, 2020. *See* Press Release, Dep't of Justice, "Executions Scheduled for Four Federal Inmates Convicted of Murdering Children" (June 15, 2020), https://www.justice.gov/opa/pr/executions-scheduledfour-federal-inmates-convicted-murdering-children.

On June 19, 2020, Mr. Lee and three other condemned inmates filed a motion for preliminary injunction in the United States District Court for the District of Columbia arguing, among other things, that the Bureau of Prisons' execution protocol denied him the right to counsel in light of the COVID-19 pandemic. *In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145 (D.D.C.), dkt. 102 ("*Protocol Cases*"). On July 12, 2020—little more than 24 hours before his scheduled execution—Mr. Lee filed a complaint and motion for preliminary injunction in this Court again arguing that the planned execution violates his right to counsel, but this time couching the claim under the Administrative Procedures Act (APA). Dkts. 1, 6.

2

On July 13, 2020, the United States District Court for the District of Columbia granted a preliminary injunction staying Mr. Lee's scheduled execution, along with three others, on an Eighth Amendment claim unrelated to Mr. Lee's arguments regarding deprivation of counsel. *Protocol Cases*, No. 1:19-mc-145-TSC, dkt. 136.

## II.      Preliminary Injunction Standard

In deciding whether to stay an execution, the Court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

"The grant of a stay entails equitable as well as legal considerations." *Lee v. Watson*, 2019 WL 6718924, at *2 (7th Cir. Dec. 6, 2019). So before entering a stay, the Court must also consider "the extent to which the inmate has delayed unnecessarily in bringing the claim." *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004).

## III.      Discussion

Given the unusual circumstances of this case, the Court begins with a discussion of the equities. Mr. Lee brought this action only one day before his scheduled execution. He cannot attribute the delay to anything other than a deliberate choice, as he raised a nearly identical argument in a motion for preliminary injunction in the *Protocol Cases* more than three weeks before filing this action. As the Seventh Circuit recently explained in Mr. Lee's very own case, an inmate who intentionally holds back a claim until the eleventh hour "cannot, by the very act of delay, justify postponement of the execution." *Lee*, 2019 WL 6718924, at *2. Moreover, by raising the same claim here he raised in the *Protocol Cases*, Mr. Lee appears to be engaged in forum

shopping, not to mention seeking two-bites at the apple, which would not be allowed if filed in the same court, and which could result in conflicting results. The defendants raised both Mr. Lee's untimeliness and apparent forum shopping in their response to the motion for preliminary injunction, dkt. 14 at 9, 11, but Mr. Lee addresses neither argument in his reply, *see generally* dkt. 15. Based on the equities alone, Mr. Lee is not entitled to a preliminary injunction.

But there is more. Mr. Lee also has failed to show a strong likelihood of success on the merits. The Seventh Circuit held just yesterday that, aside from specific regulations upon which Mr. Lee does not rely, the BOP has "unconstrained discretion" to set an execution date. *Peterson v. Barr*, No. 20-2252, at *6 (7th Cir. July 12, 2020). Mr. Lee's only legal claim is that the defendants violated the APA in choosing his execution date. Dkt. 1 at ¶ 115 ("The agency action here—the setting of Mr. Lee's execution date for July 13, 2020,—is (1) arbitrary and capricious; (2) an abuse of discretion and (3) not in accordance with law."). That claim is foreclosed by *Peterson*. Moreover, it cannot be the case that an attorney's refusal to attend an execution requires delay, or else no executions would ever take place.

Finally, the injunction Mr. Lee seeks would effectively be an advisory opinion, as there is no evidence that counsel plan to fail to meet their professional, moral, and ethical duty to represent their client throughout the execution process. Counsel have filed no declaration or affidavit stating that Mr. Lee will not have counsel present at the execution.

### IV.   Conclusion

Mr. Lee's motion for preliminary injunction, dkt. [6], is **denied**.

**IT IS SO ORDERED.**

Date:   7/13/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

Amy Gershenfeld Donnella
Federal Defender of Maryland
Amy_Donnella@fd.org

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

# *** PUBLIC DOCKET ***

<span style="color:blue">APPEAL</span>

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:20-cv-00357-JRS-DLP

LEE V. BARR, et al
Assigned to: Judge James R. Sweeney II
Referred to: Magistrate Judge Doris L. Pryor

Cause: 05:702 Administrative Procedure Act

Date Filed: 07/12/2020
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**DANIEL LEWIS LEE**                represented by    **Amy Gershenfeld Donnella**
                                                       Federal Defender of Maryland
                                                       Federal Capital Habeas Project
                                                       6411 Ivy Lane
                                                       Suite 710
                                                       Greenbelt, MD 20770-4510
                                                       301-641-6103
                                                       Email: Amy_Donnella@fd.org
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**WILLIAM P. BARR**                 represented by    **Shelese M. Woods**
                                                       UNITED STATES ATTORNEY'S
                                                       OFFICE (Indianapolis)
                                                       10 West Market Street
                                                       Suite 2100
                                                       Indianapolis, IN 46204
                                                       (317) 226-6333
                                                       Fax: (317) 226-5027
                                                       Email: shelese.woods@usdoj.gov
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**T.J. WATSON**                     represented by    **Shelese M. Woods**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL CARVAJAL**                    represented by   **Shelese M. Woods**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/12/2020 | 1 | COMPLAINT *for Injunctive and Declaratory Relief* against Defendants, filed by DANIEL LEWIS LEE. (Filing fee $400, receipt number 0756-6072150) (Attachments: # 1 Exhibit A - Letter from Watson to Lee, # 2 Exhibit B - Declaration of Chris Beyrer, # 3 Exhibit C - Declaration of Rick Winter, # 4 Exhibit D - Declaration of George H. Kendall, # 5 Exhibit E - Declaration of Bruce A. Green, # 6 Exhibit - Letter from Patterson to Conway)(Donnella, Amy) Modified on 7/12/2020 (RSF). (Entered: 07/12/2020) |
| 07/12/2020 | 2 | EXHIBIT G - Declaration of Rick Winter re 1 Complaint by DANIEL LEWIS LEE. (Donnella, Amy) Modified on 7/13/2020 (RSF). (Entered: 07/12/2020) |
| 07/12/2020 | 3 | ***PLEASE DISREGARD - CORRECTED FILING AT 4 *** Proposed Summons submitted for issuance by the clerk as to WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON. (Donnella, Amy) Modified on 7/12/2020 (RSF). (Entered: 07/12/2020) |
| 07/12/2020 | 4 | Proposed Summons submitted for issuance by the clerk as to WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON. (Donnella, Amy) (Entered: 07/12/2020) |
| 07/12/2020 | 5 | NOTICE of Reassignment of Case to Magistrate Judge Doris L. Pryor. Magistrate Judge Mark J. Dinsmore is no longer assigned to this case. Please include the new case number, **2:20-cv-00357-JRS-DLP**, on all future filings in this matter. (RSF) (Entered: 07/12/2020) |
| 07/12/2020 | 6 | MOTION for Preliminary Injunction , filed by Plaintiff DANIEL LEWIS LEE. (Donnella, Amy) (Entered: 07/12/2020) |
| 07/12/2020 | 7 | BRIEF/MEMORANDUM in Support re 6 MOTION for Preliminary Injunction , filed by Plaintiff DANIEL LEWIS LEE. (Donnella, Amy) (Entered: 07/12/2020) |
| 07/12/2020 | 8 | Summons Issued as to WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON. (RSF) (Entered: 07/12/2020) |
| 07/12/2020 | 9 | MOTION for Attorney(s) Amy Donnella to Appear pro hac vice (Filing fee $100, receipt number 0756-6072173), filed by Plaintiff DANIEL LEWIS LEE. (Donnella, Amy) (Entered: 07/12/2020) |
| 07/12/2020 | 10 | PROCEDURES AND PRACTICES before Judge James R. Sweeney II. (RSF) (Entered: 07/12/2020) |
| 07/12/2020 | 11 | ORDER - granting 9 Motion to Appear pro hac vice. Amy Gershenfeld Donnella added. Signed by Magistrate Judge Doris L. Pryor on 7/12/2020. |

|  |  |  |
|---|---|---|
|  |  | (RSF) (Entered: 07/12/2020) |
| 07/12/2020 | 12 | Entry Setting Briefing Schedule - Plaintiff Daniel Lewis Lee has filed a complaint and motion for preliminary injunction seeking to stay his execution scheduled for July 13, 2020. The Court directs the following briefing schedule. The defendants shall have until 8:30 p.m. today, July 12, 2020, to respond to the motion for preliminary injunction. The plaintiff shall have until 11:59 p.m. today, July 12, 2020, to file a reply. Signed by Magistrate Judge Doris L. Pryor on 7/12/2020.(RSF) (Entered: 07/12/2020) |
| 07/12/2020 | 13 | NOTICE of Appearance by Shelese M. Woods on behalf of Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON. (Woods, Shelese) (Entered: 07/12/2020) |
| 07/12/2020 | 14 | RESPONSE in Opposition re 6 MOTION for Preliminary Injunction , filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON. (Attachments: # 1 Exhibit 1, Peterson v. Barr (7th Cir. decision))(Woods, Shelese) (Entered: 07/12/2020) |
| 07/12/2020 | 15 | REPLY in Support of Motion re 6 MOTION for Preliminary Injunction , filed by Plaintiff DANIEL LEWIS LEE. (Attachments: # 1 Exhibit I - letter from G. Thomas Eisele, # 2 Exhibit H - letter from Dan Stripling)(Donnella, Amy) Modified on 7/13/2020 (RSF). (Entered: 07/12/2020) |
| 07/13/2020 | 16 | ORDER - denying 6 Motion for Preliminary Injunction. Federal death row inmate Daniel Lee Lewis is scheduled to be executed on July 13, 2020, at United States Penitentiary Terre Haute (USP Terre Haute) in Terre Haute, Indiana. Mr. Lee seeks to enjoin his execution on the basis that defendants have violated the Administrative Procedure Act (APA) by scheduling Mr. Lee's execution during the COVID-19 pandemic thereby depriving Mr. Lee of the counsel to which he is entitled by law. Mr. Lee asks the Court to prohibit the defendants from carrying out Mr. Lee's execution "until such time as treatment or a vaccine for COVID-19 is available or the current surge in the virus has receded or the threat posed by travel to and entry into USP Terre Haute during the ongoing COVID-19 pandemic has otherwise abated." (See Order.) Signed by Judge James R. Sweeney II on 7/13/2020. (RSF) (Entered: 07/13/2020) |
| 07/13/2020 | 17 | NOTICE OF APPEAL as to 16 Order on Motion for Preliminary Injunction, filed by Plaintiff DANIEL LEWIS LEE. (No fee paid with this filing) (Donnella, Amy) (Entered: 07/13/2020) |

**Case #: 2:20-cv-00357-JRS-DLP**